09-5325-ag
Glodek v. SEC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
         GUIDO CALABRESI,
         DENNY CHIN,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

KEVIN M. GLODEK,

         Petitioner,

         -v.-                                      09-5325-ag

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

         Respondent.
- - - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:     David S. Richan
                    Baritz & Colman LLP
                    New York, NY

1

**FOR RESPONDENT:**    Allan A. Capute
(David M. Becker, Mark Cahn, and Michael Conley, *on brief*)
Securities & Exchange Commission
Washington, DC

Petition for review of an order and opinion of the Securities and Exchange Commission.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Petitioner's petition is **DENIED**.

Kevin Glodek petitions for a review of an order and opinion issued by the Securities and Exchange Commission ("SEC") fining him $25,000 and suspending him for six months for violating Section 10(b) of the Securities Exchange Act ("SEA § 10(b)"), SEC Rule 10b-5, and Financial Industry Regulatory Authority ("FINRA") Rules 2110 and 2120. The petition contests only the six-month suspension, not his guilt or the fine. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We have jurisdiction and discretion to reduce or eliminate sanctions imposed by the SEC. 15 U.S.C. § 78y(a)(1); McCarthy v. SEC, 406 F.3d 179, 188 (2d Cir. 2005). However, we will only do so if we conclude that they are "excessive" or do not "serve [their] intended purpose." Id. We review such sanctions for abuse of discretion, which occurs only when a sanction is "palpably disproportionate to the violation" or when the SEC fails "to support the sanction chosen with a meaningful statement of findings and conclusions, and the reasons or basis therefor." Id. (internal quotation marks omitted).

The suspension imposed by the SEC was at the lower end of the range suggested by the FINRA Sanctions Guidelines for non-egregious reckless misrepresentations. The SEC reasonably concluded that Glodek had evinced a pattern of violative conduct (making at least fourteen misrepresentations over a period of six weeks), that his misrepresentations involved promoting a company in which he had a significant financial interest, and that he did not adequately appreciate the seriousness of his conduct. As a result, the sanctions imposed cannot be described as "excessive" or "palpably disproportionate to the violation," id., and were firmly within the SEC's discretion.

2

Likewise, the SEC's opinion was thorough and cogent, providing findings and conclusions to support the imposed sanctions and offering reasons and analysis to support those conclusions. The opinion carefully considered the particular facts of Glodek's case and explicitly analyzed and applied the relevant FINRA Sanctions Guidelines factors. The opinion justified the level of sanctions by the need to protect the general investing public through specific and general deterrence. The sanctions imposed were supported by a "meaningful statement of findings and conclusions, and the reasons or basis therefor" and were rooted in the "remedial" purpose of protecting investors. Id. (internal quotation marks omitted). Therefore, the SEC did not abuse its discretion in imposing a six-month suspension on Glodek.

We hereby **DENY** Glodek's petition for review of the SEC's order and opinion.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK